Foy Elmo REDWINE, Plaintiff,

v.

FRANZ PLASSER BAHNBAUMASCHI-NEN INDUSTRIEGESELLSCHAFT, m.b.H., et al., Defendants.

Civ. A. No. 90–1503–C.

United States District Court, D. Kansas.

Sept. 28, 1992.

Marlys Marshall Ourada, Bruce A. Swenson, Marshall, Ourada & Swenson, Wichita, Kan., for plaintiff.

Foy Elmo Redwine, pro se.

Eldon L. Boisseau, Anne M. Hull, Turner & Boisseau, Chartered, Harry E. Robbins, Jr., Robbins, Tinker, Smith & Metzger, Wichita, Kan., Michael B. Buser, Shook, Hardy & Bacon, Overland Park, Kan., Anne M. Hull, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court on Plasser American Corporation's motion for summary judgment. (Doc. 50) Redwine filed this suit in October, 1990, seeking damages under the Federal Employers Liability Act (FELA) for injuries sustained when he fell from the walkway of a ballast cleaning machine.

Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact

because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Entry of summary judgment is mandated, after an adequate time for discovery and upon motion, against a party who 'fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1138 (10th Cir.1991) (quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552). Summary judgment is inappropriate, however, if there is sufficient evidence on which a trier of fact could reasonably find for the nonmoving party. *Prenalta Corp. v. Colorado Interstate Gas Co.*, 944 F.2d 677, 684 (10th Cir.1991).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for its motion. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. This burden, however, does not require the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* (emphasis in original). Once the moving party properly supports its motion, the nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Devery Implement Co. v. J.I. Case Co.*, 944 F.2d 724, 726 (10th Cir.1991). The court reviews the evidence in a light most favorable to the non-moving party, *e.g., Washington v. Board of Public Utilities*, 939 F.2d 901, 903 (10th Cir.1991), under the substantive law and the evidentiary burden applicable to the particular claim. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14.

Redwine claims Plasser American is liable under theories of strict liability and negligence. The essential elements of Redwine's claim include the existence and breach of a duty owed to him by Plasser American and a causal connection between the duty breached and the injury received.

*Durflinger v. Artiles,* 234 Kan. 484, 488, 673 P.2d 86 (1983). In its Statement of Uncontroverted Facts, Plasser states it did not design, manufacture, or sell the ballast cleaning machine. Its only involvement with the machine was to make certain modifications at the time the machine was imported into the United States, modifications which had nothing to do with the walkway from which Redwine allegedly fell.

In his opposition to Plasser American's motion, Redwine contends the motion is premature because no discovery has yet been conducted. · Redwine's position is summarized as follows:

> Defendant Plasser American Corporation argues to this Court that it is entitled to Summary Judgement on the basis that plaintiff can muster no evidence to counter Plasser American's "statement of uncontroverted facts" and that a denial of the foregoing facts by the plaintiff will not suffice. This argument in and of itself establishes that defendant is not entitled to summary judgment at this stage of the proceedings as the reason such evidence cannot be mustered is the fact that no discovery has yet been possible to conduct. Defendant's motion is therefore premature. Summary disposition is inappropriate absent the opportunity to develop and document the factual evidence which would form the basis for a summary judgment.

 Redwine's position demonstrates a profound lack of understanding regarding current summary judgment law. Fed. R.Civ.P. 56(f) permits a court, in its discretion, to grant a continuance when a party opposing summary judgment wishes to conduct additional discovery. The party requesting a continuance bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact. *Continental Maritime v. Pacific Coast Metal Trades,* 817 F.2d 1391, 1395 (9th Cir.1987). The proper course is for the party opposing the motion to seek a continuance, when discovery is not completed. *American Nurses' Ass'n v. State of Ill.,* 783 F.2d 716, 729 (7th Cir.1986).

Redwine has not requested a continuance. All he has done is to make non-specific statements about discovery which allegedly must be done but which he has not done notwithstanding the fact that 23 months have passed since he filed suit and 6 months have passed since Plasser American filed its motion for summary judgment. It is not up to the court to develop a party's discovery plan or to decide for a party what type of discovery is necessary to rebut the position of an opponent.

Redwine has failed to properly controvert any of Plasser American's factual averments. A party cannot rely on conclusory denials of a movant's averments, but must come forward with evidence to raise a genuine issue of material fact. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514.

In view of the uncontroverted facts that Plasser American neither designed, manufactured, nor sold the ballast cleaning machine, it cannot have breached any duty to Redwine. Accordingly, Plasser American's motion (Doc. 50) for summary judgment is hereby granted.

IT IS SO ORDERED.